UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| GARY M. KING and ELIZABETH KING | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00275-JRG-SKL |
| | ) | |
| CITY OF SOUTH PITTSBURG, TENNESSEE, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

This action arises out of a confrontation between officers with the City of South Pittsburg Police Department and Plaintiff Gary King. Mr. King claims he was "wrongfully battered, unlawfully seized and detained against his will," when the officers responded to a report of gunshots at Mr. King's residence [Doc. 23 at Page ID # 118]. Mr. King and his wife, Plaintiff Elizabeth King ("Plaintiffs"), sued Officers Joshua Chance and Jeremy Zimmerman and Chief of Police Robert Simpson ("Police Defendants"), as well as the City of South Pittsburg and Mayor Virgil Holder ("City Defendants," and collectively with the Police Defendants, "Defendants").

Currently before the Court is Plaintiffs' motion for leave to propound additional interrogatories [Doc. 41]. Plaintiffs seek permission to propound 57 interrogatories to each of the Police Defendants, and 34 to be answered together by the City Defendants, rather than the usual 25 permitted by Federal Rule of Civil Procedure 33. Plaintiffs contend the additional interrogatories are necessary because "multiple parties are involved, different agencies, as well as governmental entities," and because the additional interrogatories "would assist the Plaintiffs in narrowing issues for the trial of this matter and would save the parties time and expense in having to conduct other methods of discovery." [*Id.* at Page ID # 183]. The proposed interrogatories are

attached to the motion [Docs. 41-1, 41-2, 41-3, & 41-4]. None of the Defendants filed a response, and the time for doing so has passed.

The limit on interrogatories set by Rule 33 may be modified by court order or by stipulation. Fed. R. Civ. P. 33(a). "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." *Id.* Defendants did not affirmatively stipulate to answering the additional interrogatories, and the parties' discovery plan does not address a need for additional interrogatories. However, the Court deems Defendants' failure to respond to the motion as a waiver of opposition to the relief sought under Eastern District of Tennessee Local Rule 7.2. This Order should not be interpreted as foreclosing otherwise meritorious objections, if any, to any individual interrogatory.

Accordingly, Plaintiffs' motion for leave to propound additional interrogatories [Doc. 41] is **GRANTED**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE